Filed 11/28/23  P. v. Quintero CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>VALENTIN QUINTERO,<br><br>     Defendant and Appellant. | B328668<br><br>(Los Angeles County<br>Super. Ct. No. TA142993) |

APPEAL from an order of the Superior Court of Los Angeles County, Sean D. Coen, Judge.  Affirmed.

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Valentin Quintero filed in the superior court a petition for resentencing pursuant to the predecessor to Penal Code section 1172.6.[1]  The court denied the petition without an evidentiary hearing because Quintero failed to make a prima facie showing for relief.  Quintero appealed.  We affirm.

## FACTUAL AND PROCEDURAL SUMMARY

### A.    *Quintero's Attempted Murder Convictions*

On April 13, 2017, Quintero drove his girlfriend, Alexiz Orona to Melissa S.'s home.  Orona got out of "Quintero's car, pulled out a handgun, and fired shots at [Melissa S. and Johnnyne R]."  (*People v. Quintero* (Sept. 2, 2020, B300920) [nonpub. opn.].)  As the intended victims "attempted to move to safety, Quintero told Orona, 'Finish her, finish them.' Thereafter, Orona fired another shot at [the individuals]." (*Ibid.*)

In May 2018, the People charged Quintero with the attempted murders of Melissa S. and Johnnyne R., among other crimes.  (§§ 664, 187, subd. (a).)  The case was tried to a jury in June 2019.

Regarding the attempted murder counts, the court instructed the jury that "[e]very person who attempts to murder another human being is guilty of a violation of . . . sections 664 and 187.  [¶]  Murder is the unlawful killing of a human being with malice aforethought.  [¶]  In order to prove attempted murder, each of the following elements must be proved[:]  [¶] 1. A direct but ineffectual act was done by one person towards killing another human being; and [¶] 2. The person committing the act

---

[1] All subsequent statutory references are to the Penal Code.

2

harbored express malice aforethought, namely, a specific intent to kill unlawfully another human being."

Regarding the liability of aiders and abettors as principals in a crime, the court instructed: "Principals include: [¶] 1. Those who directly and actively commit the act constituting the crime, or [¶] 2. Those who aid and abet the commission of the crime. [¶] When the crime charged is attempted murder, the aider and abettor's guilt is determined by the combined acts of all the participants as well as that person[']s own mental state. If the aider and abettor's mental state is more culpable than that of the actual perpetrator, that person's guilt may be greater than that of the actual perpetrator. Similarly, the aider and abettor's guilt may be less than the perpetrator's, if the aider and abettor has a less culpable mental state."

Regarding direct aiding and abetting, the court instructed: "A person aids and abets the commission of a crime when he or she: [¶] (1) [w]ith knowledge of the unlawful purpose of the perpetrator, and [¶] (2) [w]ith the intent or purpose of committing or encouraging or facilitating the commission of the crime, and [¶] (3) [b]y act or advice, aids, promotes, encourages or instigates the commission of the crime. [¶] Mere presence at the scene of a crime which does not itself assist the commission of the crime does not amount to aiding and abetting. [¶] To be guilty as an aider or abettor, the defendant's intent or purpose of committing or encouraging or facilitating the commission of the crime by the perpetrator must be formed before or during the commission of the crime. [¶] Mere knowledge that a crime is being committed and the failure to prevent it does not amount to aiding and abetting."

3

The court further instructed the jury as to "compelling another to commit crime" (capitalization omitted) as follows: that "[a] person who, by threat, menace, command or coercion, compels another to commit any crime is guilty of that crime."

The jury was not instructed on the natural and probable consequences doctrine.

The jury found Quintero guilty of the attempted murders and found not true allegations that Quintero acted willfully, deliberately, and with premeditation. The jury further found that a principal in the crimes personally used a firearm (§ 12022.53, subd. (b)) and personally and intentionally discharged a firearm (§ 12022.53, subd. (c)). The court sentenced Quintero to 12 years in prison. Quintero appealed.

In his direct appeal, Quintero argued, among other arguments, that the court erred in instructing the jury as to compelling another to commit a crime. In September 2020, we affirmed the judgment in an unpublished opinion. (*People v. Quintero* (Sept. 2, 2020, B300920).) Regarding the alleged instructional error, we held that the instruction was supported by evidence that, after Orona fired her gun at the intended victims, Quintero told her, " 'Finish her, finish them,' " and Orona then fired another shot at the intended victims.

### B.    *Quintero's Resentencing Petition*

In November 2022, Quintero filed a petition to vacate his attempted murder convictions and be resentenced pursuant to

4

section 1172.6.[2]  He requested the appointment of counsel, which the court granted.

In February 2023, the People filed a response to Quintero's petition, asserting that Quintero is ineligible for relief under section 1172.6 because the jury was not instructed on "the natural and probable consequences doctrine," and was instructed that they could not find him guilty of attempted murder unless the People proved that he "had the intent to kill the victim." The People supported the response with the jury's verdicts, the instructions to the jury, and our 2020 opinion.

Quintero, through counsel, filed a reply stating that he "submits on the prosecution's informal response to [his] resentencing petition."

At the conclusion of a hearing held in March 2023, the court denied the petition because Quintero "is not eligible for resentencing in this matter as . . . his jury was not instructed as to felony murder, nor natural and probable consequences."

Quintero timely appealed.  We appointed counsel to represent him.

## C.    *The Instant Appeal*

Quintero's appointed counsel filed a brief identifying no issues on appeal and requesting that we follow the procedures outlined in *People v. Delgadillo* (2022) 14 Cal.5th 216, 232 (*Delgadillo*) and exercise our discretion to conduct an independent review of the record.

---

[2] Quintero's form petition states that it is filed pursuant to section 1170.95.  By the time he filed his petition, however, section 1170.95 had been renumbered as section 1172.6.  (See Stats. 2022, ch. 58, § 10.)

Quintero filed a supplemental brief in which he contends: (1) The evidence at his 2019 trial does not support his conviction; (2) Evidence of statements made by intended murder victim Johnnyne R. is hearsay; (3) "[T]he prosecution knowingly introduced and encouraged false testimony"; (4) Evidence introduced to impeach his alibi defense was used "to intentionally confuse . . . and misguide the jury"; (5) He was misidentified as the driver of the car; (6) After four days of deliberation, the "judge exhausted the jury into taking a vote," which "violated [his] due process and right to a fair trial"; and (7) The absence of Johnnyne R. at trial "prejudiced" him because it suggested to the jurors that the witness was injured or dead. Quintero further contends that the jury's finding that he did not act willfully, deliberately, and with premeditation establishes a prima facie showing for relief under section 1172.6.

## DISCUSSION

Section 1172.6 applies to attempted murders only when the conviction is "based on the natural and probable consequences doctrine." (*People v. Coley* (2022) 77 Cal.App.5th 539, 548.) When, as here, the defendant seeks to vacate an attempted murder conviction under section 1172.6 and the record of conviction shows that the court did not instruct the defendant's jury on the natural and probable consequences doctrine, the defendant is not entitled to relief as a matter of law. (*Coley*, *supra*, at pp. 548–549; *People v. Cortes* (2022) 75 Cal.App.5th 198, 205–206; cf. *People v. Soto* (2020) 51 Cal.App.5th 1043, 1055, 1059; *People v. Smith* (2020) 49 Cal.App.5th 85, 92, fn. 5.) "The jury instructions are part of the record of conviction and may be reviewed to make the prima facie determination." (*People v. Bodely* (2023) 95 Cal.App.5th 1193, 1200.)

Here, the jury instructions given in Quintero's 2019 trial establish that, to find Quintero guilty of attempted murder, the People had to prove beyond a reasonable doubt that the direct perpetrator acted with the specific intent to kill and that he, as an aider and abettor, harbored the same or a more culpable mental state. His jury was not instructed on the natural and probable consequences doctrine or any other theory by which malice could be imputed to him based solely on his participation in the crime. He was therefore ineligible for relief as a matter of law.

The first seven of Quintero's contentions identified above are not cognizable on appeal from an order denying a petition for resentencing under section 1172.6. As our colleagues in the Fourth District recently explained, section 1176.2 is intended "to permit the resentencing of defendants who were properly convicted under the law that applied at the time, but 'could no longer be convicted of murder' [or attempted murder] because of recent legislative changes. [Citations.] A petition thus supplements a defendant's traditional direct appeal by providing an opportunity to make arguments that did not exist at the time of the appeal, but have arisen since 2019 as a result of recent statutory amendments." (*People v. Burns* (2023) 95 Cal.App.5th 862, 867.) The first seven contentions Quintero raises in his supplemental brief, like the contentions the petitioner raised in *Burns*, have "nothing to do with the legislative changes to California's murder law effected by Senate Bill No. 1437 (2017–2018 Reg. Sess.) . . . and Senate Bill No. 775 [(2021–2022 Reg. Sess.)]. Accordingly, he did not satisfy the section 1172.6, subdivision (a)(3) condition as part

7

of his required prima facie showing." (*Burns, supra*, at p. 867.)[3] Any relief for the errors Quintero now asserts was available to him by "appeal from the judgment of conviction. His failure to raise the[se] argument[s] on direct appeal forfeited [such] claim[s] [citation], and the subsequent petition process created by the Legislature when it enacted Senate Bill No. 1437 did nothing to change the applicable law so as to resurrect . . . argument[s] he had already abandoned." (*Burns, supra,* at p. 868, fn. omitted.) We therefore reject Quintero's first seven contentions.

The last of Quintero's contentions—that the jury's finding that he did not act willfully, deliberately, and with premeditation establishes a prima facie showing for relief—is also without merit. A finding that a defendant's attempted murder was willful, deliberate, and premeditated requires the defendant be sentenced to prison for life with the possibility of parole. (§ 664, subd. (a).) If that finding is not made, attempted murder is punishable by imprisonment for five, seven, or nine years. (*Ibid.*) Although the finding that Quintero did not act willfully, deliberately, and with premeditation thus reduced his possible punishment, it does not negate the finding implied in the jury's verdict that Quintero acted with the intent to kill. The jury's finding that he did not act willfully, deliberately, and with premeditation, therefore, does not aid Quintero in establishing a prima facie showing for relief.

Quintero and his counsel request that we exercise our discretion to independently review the record to determine

---

[3] Subdivision (a)(3) of section 1172.6 sets forth the requirement that the "petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019."

8

whether any arguable issues exist on appeal.  (See *Delgadillo*, *supra*, 14 Cal.5th at p. 230.)  We have conducted that review and conclude that no arguable issues exist.

## DISPOSITION

The order from which defendant has appealed is affirmed. NOT TO BE PUBLISHED.

ROTHSCHILD, P. J.

We concur:

CHANEY, J.

WEINGART, J.

9